UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: FAIRFAX COUNTY CIRCUIT COURT SUBPOENA SERVED ON UNITED STATES DEPARTMENT OF COMMERCE EMPLOYEE IN *MONIDIPA BANERJEE v. JEAN-MARC BRISSON* | Case No.: 1:24-mc-20<br><br>(Formerly Part of Fairfax County Circuit Court JA2024-118; CL2024-138) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH

Pursuant to Local Rule 7(F)(1), the United States of America, on behalf of LaMarsha M. DeMarr, in her official capacity as an employee of the United States Department of Commerce ("DOC"), and through its undersigned counsel, hereby submits this memorandum of law in support of its Motion to Quash in the above-captioned miscellaneous action.

## INTRODUCTION

Courts have repeatedly held that state tribunals lack jurisdiction to compel a federal agency and its officials to produce documents (or records) pursuant to a subpoena. This action concerns a subpoena that was issued under the authority of the Fairfax County Circuit Court, calling for a DOC employee to produce certain DOC employment records for Monidipa Banerjee on July 12, 2024, in a pending civil dispute, *Monidipa Banerjee v. Jean-Marc Brisson*, Case Nos. JA2024-118, CL2024-138 (Fairfax County Circuit Court). There is no doubt that the subject of this subpoena requests DOC documents from a DOC employee for a legal proceeding. As such, these documents can only be provided in accordance with the DOC's regulations for disclosure of information. Well-settled Fourth Circuit authority requires the Court to quash the subpoena.

# ARGUMENT

This Court should quash the subpoena issued to Ms. DeMarr, a DOC employee, by the Fairfax County Circuit Court as having been issued in violation of the United States of America's sovereign immunity, and thus outside of the authority of a state court.[1]  *See* Ex. 1 to Notice of Removal (Dkt. No. 1-1).  "[A]n action seeking specific relief against a federal official, acting within the scope of [her] delegated authority, is an action against the United States [of America], subject to the governmental privilege of sovereign immunity."  *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998) (citing *Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989)).  Where the sovereign "has not waived its immunity to suit, the state court (and the federal court on removal) lacks jurisdiction to proceed against a federal employee acting pursuant to agency direction."  *Id.* (citing *Boron*, 873 F.2d at 69).

Relevant here, the "issue of a state court's jurisdiction to compel federal officials to produce documents is . . . not new . . . ."  *United States v. Williams*, 170 F.3d 431, 433 (4th Cir. 1999) (explaining that a federal court lacks jurisdiction to enforce a state court subpoena against a federal employee).  Courts resoundingly and routinely "deny state court access to federal agency records based upon the doctrine of sovereign immunity."  *Cromer*, 159 F.3d at 879 (citing cases); *see also Williams*, 170 F.3d at 433; *Johnson v. SSA*, 2018 WL 4677829, at *5 (E.D. Va. June 8, 2018); *Brooks v. Harris*, 2004 WL 1347603, at *1 (E.D. Va. Apr. 7, 2004), *aff'd*, 96 F. App'x 925 (4th Cir. 2004); *Kasi v. Angelone*, 200 F. Supp. 2d 585, 598 (E.D. Va. 2002).  Instead, state court litigants must comply with a federal agency's *Touhy* regulations to obtain information from the

---

[1] In fairness to the Fairfax County Circuit Court, the legal principles supporting this reasoning are nuanced and unknown to most jurists and practitioners who are not regularly exposed to the intricate regulations and decisional authority concerning attempts to secure discovery from federal employees for state court proceedings.

federal government,[2] i.e., regulations governing the disclosure of information by federal agencies. *See, e.g.*, *Williams*, 170 F.3d at 433; *Cromer*, 159 F.3d at 877–80; *Miller v. Dandridge*, 2014 WL 6085304, at *1 (E.D. Va. Nov. 13, 2014). And as to DOC, the pertinent *Touhy* regulations are found at 15 C.F.R. §§ 15.11–15.18 (2024).

In short, the Fairfax County Circuit Court does not have the authority to compel production of documents from a DOC employee through its issuance of a subpoena, and the subpoena at issue should be quashed.

## CONCLUSION

For the foregoing reasons, this Court should quash the subpoena issued to Ms. DeMarr, a DOC employee, requiring her to produce certain DOC employment records about Monidipa Banerjee for *Monidipa Banerjee v. Jean-Marc Brisson*, Case Nos. JA2024-118, CL2024-138 (Fairfax County Circuit Court).

Dated: July 11, 2024

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

*By*: _____/s/_____
HUGHAM CHAN
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3743
Fax: (703) 299-3983
Email: yuri.fuchs@usdoj.gov

ATTORNEY FOR THE UNITED STATES
OF AMERICA

---

[2] The term "*Touhy* regulations" is derived from the seminal case of *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951).

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing was served upon the following:

Clerk of the Circuit Court
Fairfax County Circuit Court
4110 Chain Bridge Road
Fairfax, Virginia 22030

Jacob Alzamora, Esq.
SOLAN | ALZAMORA, PLLC
10300 Eaton Place, Suite 170
Fairfax, Virginia 22030

/s/
HUGHAM CHAN
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:   (703) 299-3743
Fax:   (703) 299-3983
Email: hugham.chan@usdoj.gov

ATTORNEY FOR THE UNITED STATES
OF AMERICA